Terrence S. Jones, ISB No. 5811
QUANE JONES MCCOLL, PLLC
US Bank Plaza
101 South Capitol Boulevard
Suite 1601
P.O. Box 1576
Boise, Idaho 83701
Telephone (208) 780-3939
Facsimile (208) 780-3930
tsj@quanelaw.com

*Attorneys for Defendant*
*Principal Life Insurance Company*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DIANE PAGE, ) | Case No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **DEFENDANT'S NOTICE OF** |
| PRINCIPAL LIFE INSURANCE COMPANY, ) | **REMOVAL OF CAUSE** |
| an Iowa corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Principal Life Insurance Company ("Principal Life"), by its undersigned

counsel, pursuant to 28 U.S.C. §§1441, 1446 and the Local Rules of the United States District

Court for the District of Idaho, notifies this Honorable Court that the above-entitled cause has been

removed from the District Court for the Fourth Judicial District, Ada County, Idaho, and in support

of said notice, states as follows:

### BACKGROUND

The Summons and Complaint in this civil action filed on or about October 29, 2015 in the

DEFENDANT'S NOTICE OF REMOVAL OF CAUSE - 1

District Court for the Fourth Judicial District, Ada County, State of Idaho, captioned *Diane Page*

*v. Principal Life Insurance Company*, Case No. CV OC 1518737, was served on November 18,

2015 onto Principal Life through Corporation Service Company, its registered agent for purposes

of service of process in Idaho. In compliance with 28 U.S.C. §1446(b), Principal Life files this

Notice of Removal with this Court within thirty (30) days after receipt of a copy of the initial

pleading setting forth the claims for relief upon which this action or proceeding is based and within

thirty (30) days after service of Summons and Complaint on the first served and only defendant

Principal Life. (Copies of the Summons and Complaint served upon Principal Life are attached

hereto as **Exhibit 1**). Principal Life is the only defendant in this matter and no consent to removal

is required. The Complaint is the only pleading that has been received by Principal Life and that

has been filed with the court at this time in this matter.

Plaintiff Diane Page's ("Plaintiff") Complaint sets forth a claim for breach of contract,

seeking payment of long term disability benefits, underwritten by Principal Life pursuant to the

terms of group long term disability insurance policy H48958 ("Policy") issued to Plaintiff's

employer, the State of Idaho (Ex. 1 at ¶¶ 6, 7)  Plaintiff further pleads a claim for breach of the

covenant of good faith and fair dealing, seeking compensatory damages, economic and non-

economic, and a claim for bad faith, seeking extra-contractual damages, economic and non-

economic, as well as attorneys' fees pursuant to Idaho Code §41-1839. (Ex. 1 at ¶¶ 42, 43, 48, 49,

prayer for relief)  Principal Life denies that Plaintiff is entitled to any of the relief sought in her

Complaint.

## GROUNDS FOR REMOVAL

### A.   Diversity Jurisdiction, 29 U.S.C. § 1332

This action may be removed to this Court by Principal Life pursuant to the provisions of

DEFENDANT'S NOTICE OF REMOVAL OF CAUSE - 2

Title 28 of the United States Code, Section 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, set forth more fully below.

### 1.    *Diversity of Citizenship*

Principal Life is informed and believes and on that basis alleges that Plaintiff is, and at all relevant times was, a resident and citizen of the State of Idaho.  Plaintiff states that she is a citizen of the State of Idaho and a resident of Middleton, Canyon, County, Idaho.  (Ex. 1 at ¶1.)

Principal Life was at the time of the filing of this action, and still is, a citizen of the State of Iowa.  It is incorporated under the laws of the State of Iowa and its principal place of business is in Des Moines, Iowa, as Des Moines is its corporate headquarters and where its activities are directed, controlled, and coordinated. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010); *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 946 (2006) (Corporation is deemed "citizen" for §1332 purposes only where its state of incorporation and state where its principal place of business are located.); *Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001).  At no time relevant to Plaintiff's Complaint has Principal Life had a principal place of business in Idaho, nor was it incorporated in Idaho.

### 2.    *Jurisdictional Amount*

Plaintiff's Complaint alleges breach of contract, breach of the covenant of good faith and fair dealing and bad faith. The damages at issue in this action are in excess of $75,000.00, exclusive of interest and costs.

As of the date of filing of Plaintiff's Complaint (October 29, 2015), Plaintiff's unpaid back long term disability benefits totaled approximately $9,438.00, based on a scheduled monthly benefit of $726.00 for the period of October 1, 2014 through October 29, 2015 (the date of filing

of the complaint in this matter).  Plaintiff's future benefits, assuming continued eligibility through age 70 (xx/xx/23), total approximately $67,155.00.

Additionally, given that Plaintiff also pleads a violation of the covenant of good faith and fair dealing as well as insurance bad faith, should she be able to satisfy her burden (which Principal Life maintains she cannot and will not), Plaintiff alleges she may be entitled to an additional award of economic and non-economic compensatory damages as well as extra-contractual damages (such as for emotional distress) as well as attorneys' fees pursuant to Idaho Code §41-1839.  It is undisputed that Idaho law permits the recovery of non-economic, extra-contractual, future and even punitive damages, in bad faith cases. *Weinstein v. Prudential Prop. & Cas. Ins. Co.*, 149 Idaho 299 (Idaho 2010).  For purposes of calculating the amount in controversy, in addition to considering the plaintiff's compensatory damages, a court may, in fact, consider a potential award of attorneys' fees if such fees are authorized by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *see also Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 78 L. Ed. 267, 54 S. Ct. 133 (1933).  Principal Life estimates the non-economic and extra-contractual damages to likely be in excess of $75,000 by themselves – or at least adding up to $75,000 with Plaintiff's attorneys fees sought under Idaho Code §41-1839.

Indeed, Plaintiff calculates the amount in controversy to be $250,000, as set out in her pre-removal settlement letter, attached hereto as **Exhibit 2**, which can properly be relied upon by this court when examining whether the amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction under 28 U.S.C. §1332. *See Uribe v. Autozone, Inc.*, No. 04-55323, 166 Fed. Appx. 896 (9th Cir. Jan. 3, 2006); *Cohn v. PetSmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002).

Accordingly, the total comprised alleged damages sought by Plaintiff in this matter exceed the jurisdictional minimum of $75,000.00.  Because the jurisdictional minimum is satisfied and

DEFENDANT'S NOTICE OF REMOVAL OF CAUSE - 4

the parties are of diverse citizenship, the Court has jurisdiction of this action under 28 U.S.C. §1332. Principal Life is, therefore, entitled to remove this action to this Court pursuant to 28 U.S.C. §§1332 and 1441.

## CONCLUSION

Principal Life has complied with the procedural requirements of 28 U.S.C. §1446 and the Federal Rules of Civil Procedure that govern removal from state court. This Court has original jurisdiction over this matter because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

Notice of filing for removal will be promptly given to the State of Idaho, Ada County District Court. Additionally, Principal Life will serve its responsive pleadings to the Complaint within seven (7) days after filing this petition for removal, pursuant to Fed. R. Civ. P. 81(c) and 6(a), or such subsequent time as set by stipulation of the parties or order of the Court.

WHEREFORE, Defendant, Principal Life Insurance Company, respectfully notified the Court that this cause has been removed from the Ada County District Court, State of Idaho, to the United States District Court for the District of Idaho, pursuant to the provisions of 28 U.S.C. §1446 and the Local Rules of the United States District Court for the District of Idaho.

Dated this 7th day of December, 2015.

QUANE JONES McCOLL, PLLC


By:   /s/ Terrence S. Jones
      Terrence S. Jones, Of the Firm
      Attorneys for Defendant


DEFENDANT'S NOTICE OF REMOVAL OF CAUSE - 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of December, 2015, I served a true and correct copy of the foregoing DEFENDANT'S NOTICE OF REMOVAL OF CAUSE by delivering the same to each of the following, by the method indicated below, addressed as follows:

| | |
|---|---|
| Michael G. Brady | [ ]   U.S. Mail, postage prepaid |
| Daniel R. Page | [ ]   Hand-Delivered |
| Brady Law, Chartered | [ ]   Overnight Mail |
| St. Mary's Crossing | [ ]   Facsimile: (208) 529-9732 |
| 2537 W. State Street, Suite 200 | [X]   Email: radylaw@bradylawoffice.com |
| Boise, ID  83702 | |
| *Attorneys for Plaintiffs* | |

/s/ Terrence S. Jones

DEFENDANT'S NOTICE OF REMOVAL OF CAUSE - 6