**EXHIBIT 1**



**BRADY LAW, CHARTERED**
Michael G. Brady, ISB #1293
Daniel Page, ISB #9019
bradylaw@bradylawoffice.com
St. Mary's Crossing
2537 W. State Street, Suite 200
Boise, ID 83702

TELEPHONE: (208) 345-8400
FACSIMILE: (208) 322-4486

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| DIANE PAGE, | Case No. CV OC 1518737 |
|---|---|
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | Fee Category: A.A. |
| PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation, | Fee: $221.00 |
| Defendant. | |

Plaintiff Diane Page ("Plaintiff"), by and through her attorneys of record, Brady Law, Chartered, as and for a Complaint against Defendant Principal Life Insurance Company ("Defendant"), pleads and alleges as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL – Page 1**
1501.0001

## PARTIES

1. Plaintiff Diane Page is now, and at all times relevant hereto was, a resident of Middleton, Canyon County, Idaho.

2. Defendant Principal Life Insurance Company is an Iowa corporation authorized and licensed to conduct insurance business in the state of Idaho.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to *Idaho Code* §§ 1-705 and 5-514, and the amount in controversy exceeds the jurisdictional minimum limits of this Court of $10,000.00.

4. Venue is proper in this Court pursuant to *Idaho Code* § 5-404.

## FACTS

5. Plaintiff repleads and realleges each and every allegation contained hereinabove.

6. Effective September 01, 2005, Plaintiff was enrolled for coverage under a Principal Life Insurance Company Policy, Contract No. H48958, Policy No. GC P97650-7 (the "Principal Life policy"). As an Enrollee or an enrolled Eligible Dependent, Plaintiff was an insured under the Principal Life policy.

7. The Principal Life policy provides Long-Term Disability coverage.

8. Plaintiff has been diagnosed as having, among other things, vertigo, restless leg syndrome, vestibular migraine headaches, and a brain lesion.

9. Plaintiff experiences chronic and unpredictable dizziness, decreased balance, confusion in certain surroundings, and migraine headaches.

10. Plaintiff also experiences difficulties in formulating sentences and communicating coherently, as well as memory and sleep difficulties.

11. On June 25, 2012, Defendant determined that Plaintiff was disabled, as defined within the policy.

12. On June 25, 2012, Defendant determined that Plaintiff was unable to perform her job as a Human Resource Associate.

13. On July 8, 2014, Defendant sent Plaintiff a letter indicating that Plaintiff would no longer pay Plaintiff Long Term Disability & Life Coverage During Disability benefits beyond September 30, 2014.

14. No doctor has stated in any report that Plaintiff is malingering.

15. Defendant's stated reason was that Plaintiff's condition no longer met the definition of disability because Plaintiff allegedly was capable of performing a Sedentary Occupation.

16. Human Resource Associate falls under the definition of a Sedentary Occupation.

17. The Principal Life policy provides in part:

**Residual Disability; Residually Disabled**

A Member who is working on a limited or part-time basis and solely and directly because of sickness or injury:

a. During the first 30 months, including the Waiting Period,:

    i. is unable to perform the Essential Functions of the Member's Regular Occupation;

    and

    ii. is unable to earn more than 70% of the Member's Monthly Salary; and

b. after completing the first 30 months, including the Waiting Period,:

   i. is unable to perform the Essential Functions of any occupation for which the Member is or may reasonably become qualified based on education, training or experience; and

   ii. is unable to earn more than 60% of the Member's Monthly Salary.

**Total Disability; Totally Disabled**

A Member who is not working for wage or profit and solely and directly because of sickness or injury:

a. during the first 30 months of such Total Disability:

   i. is unable to perform the Essential Functions of the Member's Regular Occupation;

   and

   ii. is unable to earn more than 70% of the Member's Monthly Salary; and

b. after completing the first 30 months of such Total Disability:

   i. is unable to perform the Essential Functions of any occupation for which the Member is or may reasonably become qualified based on education, training or experience; and

   ii. is unable to earn more than 60% of the Member's Monthly Salary.

18.   The occupations that Defendant suggested Plaintiff could work in were "Copy Writer, Critic, Editorial Writer, Floral Designer, Clothes Designer, Interior Designer, Illustrator, Merchandise Displayer, Laboratory Clerk, Mailer, Meter Reader, General Clerk, File Clerk, Office Helper, Teacher Aide 2, Insurance Checker, Medical Record Technician, Reservation Clerk, Mail Carrier, Parcel Post & Personnel Clerk to name a few."

19.   Defendant stopped paying benefits to Plaintiff on September 30, 2014.

20.   On January 5, 2015 Plaintiff sent a letter to Defendant formally requesting that Defendant review its decision regarding the termination of Plaintiff's disability benefits.

21.   On January 8, 2015, Defendant sent a letter to Plaintiff indicating that Defendant would make the mandatory appeal decision by February 19, 2015.

22. On February 2015, Defendant sent a letter to Plaintiff indicating that Defendant would make the mandatory appeal decision by April 4, 2015.

23. On March 19, 2015, Defendant sent a letter to Plaintiff indicating that Defendant would make the mandatory appeal decision by May 1, 2015.

24. On May 5, 2015, Defendant sent a letter to Plaintiff reaffirming the denial of Plaintiff's claim.

25. On May 29, 2015, Plaintiff sent a letter to Defendant formally requesting a voluntary appeal.

26. On June 4, 2015, Defendant sent a letter to Plaintiff indicating the voluntary appeal decision would be made by July 13, 2015.

27. On July 10, 2015, Defendant sent a letter to Plaintiff indicating voluntary appeal decision would be made by August 23, 2015.

28. On August 21, 2015, Defendant sent a letter to Plaintiff indicating that Defendant would continue its investigation "outside the formal timelines" and gave no date as to when the voluntary appeal decision would be made.

29. On October 7, 2015, Defendant sent a letter to Plaintiff indicating that any additional information submitted between October 7, 2015 and an unknown future date wherein Defendant would complete Defendant's decision would cause delay of said decision.

30. On October 14, 2015, Defendant mailed a letter to Plaintiff, which was received on October 19, 2015, denying Plaintiff's voluntary appeal.

31. Plaintiff meets the Principal Life policy's definition of a Member who is "totally disabled."

## COUNT I

### (Breach of Contract)

32. Plaintiff repleads and realleges each and every allegation contained hereinabove.

33. Plaintiff has performed all obligations required to be performed by her under the Principal Life policy.

34. Defendant's continual refusals to provide insurance coverages to Plaintiff under the Principal Life policy, and continual refusals to pay any insurance claims to Plaintiff under the Principal Life policy were unjustified and constitute a breach of contract.

35. Defendant has failed to thoroughly investigate Plaintiff' insurance claims, has failed to evaluate Plaintiff' insurance claims objectively in order to delay and deny payment of Plaintiff' insurance claims, has used improper standards and procedures to delay and deny Plaintiff' insurance claims, has intentionally and unreasonably delayed and denied payment of Plaintiff' insurance claims, has engaged in deceptive and dilatory claims handling practices in order to delay and deny payment of Plaintiff' insurance claims, which constitute a breach of contract.

36. As a direct and proximate result of said breach of contract, Plaintiff has sustained substantial compensatory losses and other incidental economic losses and damages in excess of $10,000.00.

37. Plaintiff is entitled to an award of compensatory damages, both economic and non-economic, in an amount to be proven at trial.

## COUNT II

### (Breach of the Duty of Good Faith and Fair Dealing)

38. Plaintiff repleads and realleges each and every allegation contained hereinabove.

39. Plaintiff has performed all obligations required to be performed by her under the Principal Life policy.

40. Defendant's continual refusals to provide insurance coverages to Plaintiff under the Principal Life policy, and continual refusals to pay any insurance claims to Plaintiff under the Principal Life policy, are unjustified and constitute a breach of the implied covenant of good faith and fair dealing in the Principal Life policy.

41. Defendant has failed to thoroughly investigate Plaintiff's insurance claims, has failed to evaluate Plaintiff's insurance claims objectively in order to delay and deny payment of Plaintiff's insurance claims, has used improper standards and procedures to delay and deny Plaintiff's insurance claims, has intentionally and unreasonably delayed and denied payment of Plaintiff's insurance claims, and has engaged in deceptive and dilatory claims handling practices in order to delay and deny payment of Plaintiff's insurance claims, which constitute a breach of the covenant of good faith and fair dealing.

42. As a direct and proximate result of said breach of the covenant of good faith and fair dealing, Plaintiff has sustained substantial compensatory losses and other incidental economic losses and damages in excess of $10,000.00.

43. Plaintiff is entitled to an award of compensatory damages, both economic and non-economic, in an amount to be proven at trial.

## COUNT III

### (Bad Faith)

44. Plaintiff repleads and realleges each and every allegation contained hereinabove.

45. Plaintiff has performed all obligations required to be performed by her under the Principal Life policy.

46. Defendant has failed to thoroughly investigate Plaintiff's insurance claims, has failed to evaluate Plaintiff's insurance claims objectively in order to delay and deny payments of Plaintiff's insurance claims, has used improper standards and procedures to delay and deny payment of Plaintiff's insurance claims, has intentionally and unreasonably delayed and denied payment of Plaintiff's insurance claims, and has engaged in deceptive and dilatory claims practices handling in order to delay and deny payment of Plaintiff's insurance claims. Plaintiff's insurance claims are not fairly debatable, the conduct of Defendant delaying and denying payment of Plaintiff's insurance claims was unreasonable and intentional and not due to or caused by an honest mistake by Defendant, and constitutes the tort of bad faith.

47. Defendant, as an insurer, stands in a fiduciary or quasi fiduciary relationship with Plaintiff. Plaintiff's insurance claims were not fairly debatable. The conduct of Defendant in delaying and denying payment of Plaintiff's insurance claims was intentional and unreasonable and was not due to or caused by an honest mistake, and constitute the tort of bad faith. Defendant's investigation and claims handling practices were designed to deprive Plaintiff of the insurance coverages owed to Plaintiff under the Principal Life policy and such practices constitute the tort of bad faith.

48. As a direct and proximate result of Defendant's bad faith, Plaintiff has sustained substantial compensable losses and other incidental economic losses and damages in excess of $10,000.00.

49. Plaintiff is entitled to an award of extra-contractual damages, both economic and non-economic, in an amount to be proven at trial.

### PUNITIVE DAMAGES

Plaintiff reserves the right to file a Motion before this Court to amend this Complaint to seek recovery of punitive damages pursuant to *Idaho Code* § 6-1604.

### ATTORNEY FEES

Plaintiff has been required to retain the law firm of Brady Law, Chartered, and will incur attorney fees as a result thereof, which attorney fees may be awarded pursuant to *Idaho Code* § 41-1839.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages, both economic and non-economic, in an amount to be proven at trial;

2. For extra-contractual damages, both economic and non-economic, in an amount to be proven at trial;

3. For reasonable attorney fees incurred pursuant to *Idaho Code* § 41-1839;

4. For all costs and expenses necessarily incurred in prosecuting this action pursuant to *Idaho Rules of Civil Procedure*, Rule 54; and,

5. For such other and further relief as this Court deems just and proper.

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 9
1501.0001

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial, pursuant to *Idaho Rules of Civil Procedure*, Rule 38(b).

DATED this 29th day of October, 2015.

BRADY LAW, CHARTERED

By: Daniel R. Page
Attorneys for Plaintiff

```
NO._____
              FILED
A.M._____P.M._____
```

OCT 29 2015

TIMOTHY HANSEN

CHRISTOPHER D. RICH, Clerk
By STACEY LAFFERTY
DEPUTY

**BRADY LAW, CHARTERED**
Michael G. Brady, ISB #1293
Daniel Page, ISB #9019
bradylaw@bradylawoffice.com
St. Mary's Crossing
2537 W. State Street, Suite 200
Boise, ID 83702

TELEPHONE: (208) 345-8400
FACSIMILE: (208) 322-4486

**Attorneys for Plaintiff**

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| DIANE PAGE, | Case No. **CV OC 1518737** |
|---|---|
| Plaintiff, | SUMMONS |
| v. | |
| PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation, | |
| Defendant. | |

**NOTICE:** YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF. THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

**TO:** PRINCIPAL LIFE INSURANCE COMPANY

SUMMONS – Page 1
1442.0001

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated Court within twenty (20) days after service of this Summons on you. If you fail to so respond the court may enter judgment against you as demanded by the Plaintiff in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this case, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other *Idaho Rules of Civil Procedure* and shall also include:

1. The title and number of the case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, <u>or</u> the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to Plaintiff attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this OCT 29 2015 day of October, 2015.

CLERK OF THE DISTRICT COURT

CHRISTOPHER D. RICH

By STACEY LAFFERTY
Deputy Clerk

**SUMMONS – Page 2**
1442.0001